```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
JACQUELINE GARCIA,                                             :
                                                               :
                                                               :
                        Plaintiff,                             :
                                                               :       21-CV-6412 (JMF)
         -v-                                                   :
                                                               :             ORDER
                                                               :
STANISLAW KORZENIEWSKI et al.,                                 :
                                                               :
                        Defendants.                            :
                                                               :
---------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In Defendants' supplemental submission addressing the basis for the Court's subject-matter jurisdiction, Defendants contend that "[s]ince plaintiff is not a *resident* of Illinois or Florida, complete federal diversity of citizenship exists." ECF No. 8, at 2 (emphasis added). Similarly, Plaintiff alleges in her Complaint that "the plaintiff . . . was and still is a *resident* of BRONX County and the State of New York," ECF No. 1-1, ¶ 1 (emphasis added), and Defendants state in their Notice of Removal that "Defendant, STANISLAW KORZENIEWSKI is a *resident* of the State of Florida," ECF No. 1, at 2 (emphasis added). It is well established that "[f]or the purpose of diversity jurisdiction, a statement of the parties' residence is insufficient to establish their citizenship." (internal quotation marks and citation omitted)); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").

Accordingly, no later than **August 19, 2021**, Plaintiff shall file an amended complaint properly alleging the *citizenship* of each party to this action. If, by that date, Plaintiff does not file an amended complaint establishing this Court's subject-matter jurisdiction, the Court will dismiss the case without prejudice and without further notice to any party. Pursuant to the Court's Order of July 29, 2021, Plaintiff shall also file any response to Defendants' supplemental submission regarding subject-matter jurisdiction no later than **August 19, 2021.** *See* ECF No. 5.

SO ORDERED.

Dated: August 12, 2021
       New York, New York
                                                      _____
                                                            JESSE M. FURMAN
                                                         United States District Judge